IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-61-FL

| | | |
|---|---|---|
| RICHARD C. FOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NORTH CAROLINA DEPARTMENT OF | ) | |
| INSURANCE; ANGELA FORD; ROBERT C. | ) | |
| LISSON; REBECCA THORNTON; and | ) | |
| NICOLE FAULKNER, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge William A. Webb (DE # 34), regarding defendants' motion to dismiss (DE # 25). No objections to the M & R have been filed, and the time within which to make any objection has expired. Also pending before the court are plaintiff's motion for recusal (DE # 29) and motion requesting a ruling on the motion for recusal (DE # 35). Defendants have responded to these motions, and no reply was filed. These matters are now ripe for adjudication.

## BACKGROUND

On February 6, 2009, plaintiff moved this court for leave to proceed *in forma pauperis*, attaching his complaint and summonses. Plaintiff's cause of action raised claims for sexual harassment based on a hostile work environment and sexual discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and abusive and malicious discharge in violation of state common law. After the court denied the motion to proceed *in forma pauperis* on March 9, 2009, plaintiff paid his filing fee and filed his complaint on April 8, 2009.

On April 29, 2009, defendants moved to dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). On May 15, 2009, plaintiff moved the court to deny the motion to dismiss after correcting his earlier failure to properly serve. On May 29, 2009, defendants noticed the court that they had indeed completed waiver of service forms, attaching the completed forms. The court thereafter denied both motions as moot on June 5, 2009.

On July 8, 2009, defendants moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). Their filing, captioned as four separate motions to dismiss, asked the court to dismiss (1) all claims against individual defendants for failure to state a claim upon which relief can be granted; (2) the abusive and malicious discharge claim against the state defendant for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted; (3) the hostile work environment claim against all defendants for failure to state a claim upon which relief can be granted; and (4) the discrimination claim for failure to state a claim upon which relief can be granted. Plaintiff did not respond to the motion.

On July 31, 2009, plaintiff moved the court to recuse itself, alleging that it violated his due process rights under the Fourteenth Amendment by granting summary judgment against him in an earlier Title VII case against his previous employer. See Foy v. Bank of Am. Corp., No. 5-04-cv-944-FL (E.D.N.C. Jan. 25, 2006), aff'd 229 F. App'x 242 (4th Cir. 2007) (unpublished). Plaintiff appears to contend that the court discriminated against him based on his gender and *pro se* status, and he seeks to relitigate the earlier case. Plaintiff requests that the court reverse its earlier order and the Fourth Circuit's decision affirming that disposition, in addition to recusing itself from the instant action. Plaintiff also requests the court delay any outstanding motions or required responses prior to ruling on the motion. Defendants responded on August 14, 2009, and plaintiff did not file a reply.

2

On November 19, 2009, the magistrate judge entered an M&R, pursuant to 28 U.S.C. § 636(b)(1), regarding defendant's motion to dismiss. The magistrate judge recommended granting the motion in all respects, finding merit to each of defendants' four grounds for dismissal. The magistrate judge held that neither federal nor state law allowed any of the causes of action put forward by plaintiff to be brought against individual defendants; that sovereign immunity protects the state agency and that plaintiff failed to allege waiver of that immunity; that plaintiff failed to provide any factual allegations of a hostile work environment; and that plaintiff failed to establish a *prima facie* case of disparate treatment. No objections to the M&R were timely filed.

On November 30, 2009, plaintiff moved to request a ruling on his earlier motion for recusal. The motion contains no argument beyond providing the requirements for a motion requesting a court order pursuant to Federal Rule of Civil Procedure 7(b)(1). As relief, plaintiff requests the court rule on the prior motion, delay any outstanding motions and responses, and reopen the period in which plaintiff can respond to existing or subsequent motions.

## DISCUSSION

A.   Plaintiff's Motions

The court is directed to recuse itself in any proceeding in which its impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or in enumerated situations in which it has a personal bias or prejudice against or in favor of an adverse party, 28 U.S.C. § 455(b). Neither circumstance is present in the instant case. Plaintiff's motion for recusal, lacking any basis in law or fact, must therefore be denied where his allegations are based on "unsupported, irrational or highly tenuous speculation." United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998) (quotations omitted). Nor is any basis present for revisiting the court's order in plaintiff's earlier Title VII action, which

3

has been affirmed by the Fourth Circuit. Finally, the court declines to stay or delay the disposition of the instant case, and declines to reopen the time for plaintiff to file response to defendants' motion to dismiss and the magistrate judge's M&R, where plaintiff was specifically notified by the clerk of the consequences for failing to respond to each of these filings. (See DE ## 27, 34-2.)

B.  Defendants' Motion for Summary Judgment

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation [of the magistrate judge]." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citations omitted). No objections having been filed, the court adopts this deferential standard of review in considering the magistrate judge's M&R.

Addressing first the motion to dismiss all claims against the individual defendants, the magistrate judge noted that "supervisors are not liable in their individual capacities for Title VII violations." Lissau v. S. Food Service, Inc., 159 F.3d 177, 180 (4th Cir. 1998); see also Ward v. Coastal Carolina Health Care, P.A., 597 F. Supp. 2d 567, 570 (E.D.N.C. 2009) ("[I]ndividual employees of corporate entities . . . are not liable in their individual capacities for Title VII violations . . . ."). Similarly, individual employees and supervisors are not amenable in North Carolina to suit at common law for wrongful discharge in violation of public policy. See Cox v. Indian Head Indus., 187 F.R.D. 531, 535 (W.D.N.C. 1999).

Addressing next the motion to dismiss plaintiff's abusive and malicious discharge claim against the state defendant, the magistrate judge found that sovereign immunity barred the claim. See Oleyar v. County of Durham, 336 F. Supp. 2d 512, 520 (M.D.N.C. 2004) ("Where a claim for wrongful discharge is made against a state or its political subdivisions, . . . sovereign immunity may

4

prevent a plaintiff from proceeding on such claim.") Plaintiff failed to specifically allege a waiver of governmental immunity, and North Carolina courts have "consistently disallowed claims based on tort against governmental entities when the complaint failed to allege a waiver of immunity." Paquette v. County of Durham, 155 N.C. App. 415, 418, 573 S.E.2d 715, 717 (2002) (citations omitted). Furthermore, the magistrate judge's own research revealed no waiver of sovereign immunity with respect to plaintiff's wrongful discharge claim.

The magistrate judge next addressed the motion to dismiss plaintiff's Title VII hostile work environment claim against all defendants. To establish a *prima facie* case of sexual harassment based on a hostile work environment, "plaintiff must prove that the offending conduct (1) was unwelcome, (2) was based on [his] sex, (3) was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment, and (4) was imputable to [his] employer." Ocheltree v. Scollon Prods., Inc., 335 F.3d 325, 331 (4th Cir. 2003) (en banc) (citations omitted). The magistrate judge found that plaintiff failed to allege "[c]onduct . . . severe or pervasive enough to create an objectively hostile or abusive work environment . . . ." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993).

Finally, the magistrate judge addressed the motion to dismiss plaintiff's Title VII sexual discrimination claim against all defendants. "To plead a case of disparate treatment sufficient to withstand a Rule 12(b)(6) motion, [plaintiff] must show: (1) [he] is a member of a protected class; (2) [he] has satisfactory job performance; (3) [he] was subjected to adverse employment action; and (4) similarly situated employees outside [his] class received more favorable treatment." Prince-Garrison v. Md. Dept. of Health & Mental Hygiene, 317 F. App'x 351, 353 (4th Cir. 2009) (unpublished) (citing Holland v. Washington Homes, Inc., 487 F.3d 208, 214 (4th Cir. 2007)).

5

Case 5:09-cv-00061-FL   Document 37   Filed 01/08/10   Page 5 of 6

Although plaintiff alleges numerous acts of misconduct on the part of an African-American female coworker who was later promoted, "Title VII . . . is not a statute intended to police standards of general fairness in the workplace . . . ." Lightner v. City of Wilmington, 545 F.3d 260, 262 (4th Cir. 2008). Plaintiff does not allege that he was qualified for the promotion, that he was performing his job at a level that met his employer's legitimate expectations, or that he was prevented from engaging in actions similar to the coworker. The magistrate judge also found that defendants put forward sufficient and legitimate legal reasons for terminating plaintiff, who performed poorly at work and made false and misleading statements on his application.

After considered review of defendants' motion, the M & R, and the relevant case law, this court agrees with the magistrate judge's recommendation. The conclusions reached in the M&R are supported by the controlling case law as applied to the facts of this case. Consequently, the court adopts the M & R as its own and for the reasons stated therein. Accordingly, defendants' motion to dismiss is granted in all respects.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for recusal (DE # 29) and motion to request a ruling (DE # 35) are DENIED. The court ADOPTS the M&R (DE # 34) as its own, and defendants' motion to dismiss (DE # 25) is GRANTED in all respects for the reasons stated therein. The clerk is DIRECTED to close the case.

SO ORDERED, this the ⁔day of January, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge